COHN, District Judge,
dissenting.
I dissent. The distinction the majority opinion makes between facial retaliation and what is surely intimidation cuts too fine a line. The majority in effect says that an employee who believes he or she has an EEOC enforceable claim or at a minimum is willing to testify in an EEOC enforcement action should sign the agreement, take the money and then go forward with the EEOC. If SunDance sues for a return of the severance pay, then the defense of retaliation should be raised and may carry the day.
Any act by an employer which interferes with or chills a protected right is, I believe, contrary to public policy and in violation of the anti-retaliation provisions of the several statutes involved. The reasons for this conclusion are adequately supported by the district court’s decision and the EEOC Notice No. 915.002 issued April 10, 1997, “Enforcement Guidance on NonWaiveable Employee Rights Under Equal Employment Opportunity Enforcement Statutes,” and no further elaboration is necessary.